# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE LAZOR, | ) 1:13-cv-00801-AWI-BAM (PC) |
| Plaintiff, | ) ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN TWENTY-ONE DAYS |
| v. | ) |
| E. CASTELLANDS, et al., | ) (ECF Nos. 1, 2) |
| Defendants. | ) TWENTY-ONE-DAY DEADLINE |

Plaintiff Free Lazor ("Plaintiff"), inmate number C-73842, is a state prisoner proceeding pro se. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 28, 2013. Plaintiff has failed to pay the required filing fee for this case and, for the reasons discussed below, may not proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff in this district reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1] The determination of whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

---

[1] The Court takes judicial notice of Lazor v. Hedgpeth, 1:07-cv-00410-OWW-SMS PC, and Lazor v. McCluskey, 1:97-cv-06007-REC-DLB PC, in which Plaintiff was found to be subject to 1915(g). In these actions, the Court noted that Plaintiff had eleven district court cases that qualified as strikes. Three such cases were: (1) Lazor v. Jakobosky, 2:94-cv-00421-LKK-GGH PC; (2) Lazor v. White, 2:94-cv-00476-LKK-JFM PC; and (3) Lazor v. Church, 2:94-cv-00629-GEB-GGH PC.

Here, Plaintiff claims that he is under imminent danger of physical harm. (ECF No. 1.) In particular, Plaintiff asserts that certain defendants, who are characterized as employees at Kern Valley State Prison, attempted to have Plaintiff murdered by his cellmate. Plaintiff asserts that the attempt is part of a pattern by defendants spanning over 25 years in which they almost always use or involve a cellmate to commit the planned murder. Plaintiff admits that he currently is celled alone, but that this could change at any moment because he is "double cell cleared." (ECF No. 1, p. 2.) Plaintiff argues that his double cell status meets the exception for imminent physical danger because he could be assigned a cellmate at any time.

The Court has considered Plaintiff's allegations, but finds no basis to conclude that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint. First, Plaintiff admits that at the time the complaint was filed he did not have a cellmate. (ECF No. 1, p. 2.) Absent a cellmate, Plaintiff's allegation of imminent danger of an attempted murder by his cellmate is not plausible. Second, Plaintiff's complaint concerns the alleged actions (or inaction) of defendants at Kern Valley State Prison. (ECF No. 1, pp. 4, 9.) However, at the time Plaintiff filed his complaint, he was no longer housed at Kern Valley State Prison. Rather, he initiated this action while housed at Corcoran State Prison. (ECF No. 1, p. 1.) For these reasons, Plaintiff does not meet the imminent danger exception. Accordingly, Plaintiff may not proceed in forma pauperis, and must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is denied leave to proceed in forma pauperis in this action;
2. Plaintiff shall pay the $350.00 filing fee in full within **twenty-one (21) days** from the date of service of this order; and
3. If Plaintiff fails to pay the $350.00 filing fee in full within fourteen days, this action shall be dismissed without prejudice.

///

///

1
2  IT IS SO ORDERED.
3  Dated:   May 31, 2013
4                                                             SENIOR DISTRICT JUDGE