# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE LAZOR,<br><br>          Plaintiff,<br><br>     v.<br><br>E. CASTELLANDS, et al.,<br><br>          Defendants. | 1:13-cv-00801-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO VACATE ORDER OF MAY 31, 2013 (ECF No. 6)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO PAY FILING FEE (ECF No. 7)<br><br>**TWENTY-ONE-DAY DEADLINE** |

Plaintiff Free Lazor ("Plaintiff"), inmate number C-73842, is a state prisoner proceeding pro se. On May 28, 2013, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a request to proceed in forma pauperis. On June 3, 2013, the Court found Plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and required him to pay the $350.00 filing fee for this action within twenty-one days.[1]  (ECF No. 5.)  On June 21, 2013, Plaintiff filed a motion to vacate the Court's order.  (ECF No. 6.)  The Court construes this as a motion for reconsideration. On June 24, 2013, Plaintiff filed a motion requesting an additional twenty-one days to pay the filing fee in the event his motion to vacate was not granted.  (ECF No. 7.)

///

///

---

[1] The Court incorrectly identified the amount of the filing fee.  The correct filing fee for this action is $400.00.  This fee amount became effective on May 1, 2013.

**I.    Reconsideration**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff argues that the Court should vacate its prior order because he is eligible to proceed in forma pauperis as he was under imminent danger of serious physical injury at the time he filed this action. Plaintiff claims that after this Court denied his in forma pauperis status he was attacked by his cellmate, which proves his original assertion of imminent danger of serious physical injury.

**II.    Section 1915(g)**

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff does not challenge the Court's determination that he is subject to 28 U.S.C. § 1915(g), and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury. The determination of whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

At the time Plaintiff filed his complaint, Plaintiff claimed that he was under imminent danger of physical harm because employees at Kern Valley State Prison attempted to have Plaintiff murdered by his cellmate. Plaintiff asserted that the attempt was part of a pattern by defendants spanning over 25 years in which they almost always used or involved a cellmate to

commit the planned murder. Plaintiff admitted that he was celled alone, but that this could change at any moment because he was "double cell cleared." (ECF No. 1, p. 2.) Plaintiff argued that his double cell status met the exception for imminent physical danger because he could be assigned a cellmate at any time and could be assaulted.

The Court considered these allegations, but found no basis to conclude that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint. Plaintiff admitted that he did not have a cellmate and that he was no longer housed at Kern Valley State Prison. (ECF No. 1, p. 2.)

Plaintiff now contends that after the Court issued its order he was attacked by a cellmate at Corcoran State Prison on June 7, 2013. (ECF No. 7.) On July 12, 2013, Plaintiff filed notice of another attack by a new cellmate at Corcoran State Prison. (ECF No. 8.) The Court takes seriously Plaintiff's report of alleged attacks following the filing of this action. Despite the seriousness of these allegations, the purported attacks are not grounds for reconsideration of the Court's prior order.

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some . . . later time." Andrews, 493 F.3d at 1053. Thus, "it is the circumstances at the time of the filing of the complaint that matter[]" for purposes of the exception. Id. As previously determined by the Court, Plaintiff was not facing imminent danger of serious physical harm at the time the complaint was filed. At that time, Plaintiff did not have a cellmate and he was no longer incarcerated at Kern Valley State Prison. That Plaintiff's conditions may have changed after he filed this action is not sufficient for purposes of the imminent danger exception. As such, Plaintiff's request for reconsideration shall be denied.

### III. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration, filed on June 21, 2013, is DENIED;
2. Plaintiff's request for an extension of time to pay the filing is GRANTED;

3. Plaintiff shall pay the $400.00 filing fee in full within **twenty-one (21) days** from the date of service of this order; and

4. If Plaintiff fails to pay the $400.00 filing fee in full within twenty-one days, this action shall be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   August 15, 2013

SENIOR DISTRICT JUDGE