# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE LAZOR,<br><br>            Plaintiff,<br><br>     v.<br><br>E. CASTELLANDS, et al.,<br><br>            Defendants. | 1:13-cv-00801-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH COURT ORDER (ECF No. 9)<br><br>**TWENTY-ONE DAY DEADLINE** |

     Plaintiff Free Lazor ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 3, 2013, the Court found Plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1983(g), and required him to pay the filing fee for this action.  (ECF No. 5.)  Plaintiff sought reconsideration of the Court's order or, in the alternative, an extension of time to submit the filing fee.  (ECF Nos. 6, 7.)

     On August 15, 2013, the Court denied Plaintiff's request for reconsideration and ordered Plaintiff to submit the $400.00 filing fee in full within twenty-one days from the date of service of the order.  (ECF No. 9.)  More than twenty-one days have passed since service of the Court's order and Plaintiff has not paid the filing fee or otherwise contacted this Court.  Based on Plaintiff's failure to comply, it is recommended that this action be dismissed.

     Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their

1

1 dockets and "[i]n the exercise of that power they may impose sanctions including, where
2 appropriate . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A
3 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
4 failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran,
5 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
6 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
7 requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th
8 Cir. 1987) (dismissal for failure to comply with court order).

9 In determining whether to dismiss an action for lack of prosecution, the Court must
10 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
11 Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
12 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
13 sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d
14 1439 (9th Cir. 1988).

15 The Court finds that the public's interest in expeditiously resolving this litigation and the
16 Court's interest in managing the docket weigh in favor of dismissal, as Plaintiff has made no
17 attempt to resolve the fee issue or to make contact with the Court since June 2013. The Court
18 cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff. The third factor,
19 risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury
20 arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air
21 West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition
22 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
23 herein. Finally, the court's warning to a party that failure to obey the court's order will result in
24 dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;
25 Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's order issued on August 15,
26 2013, expressly stated "If Plaintiff fails to pay the $400.00 filing fee in full within twenty-one
27 days, this action shall be dismissed without prejudice." (ECF No. 9.) Thus, Plaintiff had
28 adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice based on Plaintiff's failure to comply with the Court's order to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 21, 2013**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE